GEORGE H. SHERMAN, Respondent, *v.* WALTER G. ROGERS, Appellant.

*Libel — verdict not set aside unless induced by passion, prejudice or influence.*

In an action for the recovery of damages for an alleged libel, it is well settled that a verdict of a jury will not be interfered with by the court unless it is such as to be evidence, in itself, that the jury in rendering the verdict was actuated by passion or prejudice or some undue influence, and not solely by the evidence.

APPEAL by the defendant, Walter G. Rogers, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Warren on the 18th day of June, 1892, in favor of the plaintiff, after a trial at the Warren County Circuit before the court and a jury, with notice of an intention to bring up for review upon such appeal an order denying the defendant's motion for a new trial made on the minutes of the court and entered in the Warren county clerk's office.

The action was brought to recover damages occasioned by an alleged oral slander and resulted in a verdict for the plaintiff for six hundred dollars ($600).

The words charged in the complaint are : " You are a thief ; you are a damned thief ; you stole a wagon of me ; you are a robber, and I can prove it."

The answer was a general denial and alleged in mitigation of damages that at the time of uttering the words charged in the complaint the defendant was greatly excited in consequence of charges made by plaintiff against him, and the language used by him in consequence of such excitement was stronger than it would otherwise have been.

*King & Ashley* and *J. M. Whitman,* for the appellant.

*Lyman Jenkins* and *H. A. Howard,* for the respondent.

MAYHAM, P. J. :

The words charged in the complaint were on the trial proved to have been uttered substantially as alleged. The case discloses that the plaintiff came to a shop in which the defendant was employed, and asked who could give him the price of painting a wagon. The defendant replied : " Oh, you go long ; you stole a wagon from me once and sold it ; you are a thief and I do not want to have anything to do with you."

Defendant then started to go out of the shop, and said, " Who does your painting ? " The answer was, " Mr. Sherman does our painting." Rogers spoke to the man in his wagon, " Drive on, Charlie, I do not want anything to do with that man ; he is a thief ; he stole a wagon from me once ; he can't have any work of mine."

Sherman said, " Hold on, you darned sucker, I will call you down sometime for that, calling me those names ; you have no right to call me those names." Defendant said, " You are a thief, and I can prove it." The evidence discloses no denial of this language by the defendant on the trial ; but it is urged that evidence was offered by the defendant tending to show that the charges made by the defendant against the plaintiff relate to a transaction which was in itself not a larceny, and that the hearers of these actionable words knew to what transaction they related, and knew that they did not

convey or intend to convey the charge of the crime of larceny, but we do not think that contention is justified by the proof.

It is also urged by the appellant that the court erred in excluding certain offers of the defendant tending to prove the nature of the transaction to which the words related, which are claimed to be actionable; but we fail to see that the learned trial judge committed any error in excluding evidence. The evidence excluded, which is claimed by the appellant to be error, was not proper under the answer, and we think the court went as far as the rules of evidence justified in admitting the witnesses to answer what they understood from the charges made by the defendant.

It is also urged that the damages in this case were excessive and that the refusal of the learned trial judge to set aside the verdict on that ground on a motion made upon the minutes was error. We do not think that the verdict in this case was so large as to evince passion or prejudice on the part of the jury. In actions of this character the rule is well settled that the verdict of a jury cannot be interfered with by the court, unless it is so large as to be evidence in itself that the jury, in rendering the verdict, was actuated by passion or prejudice, or some undue influence, and not solely by the evidence. The charge in this case was proved beyond controversy. It was not sought to be justified, and we see no circumstance, either disclosed by the evidence or in the offers of proof made by the defendant, calculating in any considerable degree to mitigate the gravity of the charge made against the plaintiff.

On the whole case we see no error for which this judgment should be reversed.

The judgment should be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.